IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KURT F. JOHNSON, # 13177-081,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| vs.  ) | Case No. 15-cv-525-NJR |
| ) | |
| POSTMASTER GENERAL OF THE  ) | |
| UNITED STATES,  ) | |
| ) | |
| Defendants.  ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court for case management. Plaintiff, who is currently incarcerated at the United States Penitentiary at Marion, Illinois ("Marion"), brought this *pro se* action invoking 26 U.S.C. § 7431. He names the Postmaster General in his official capacity as the sole Defendant (Doc. 1).

Instead of filing a complaint to initiate this action, Plaintiff filed a self-styled "Notice in Equity as Affidavit," which also bore the reference, "26 U.S.C. § 7431 Civil Complaint as Affidavit" (Doc. 1). In this document, he claimed that unnamed prison employees received an outgoing registered mail envelope from him, but never mailed it. The envelope contained Plaintiff's civil suit under § 7431[1] against the Postmaster General. In his "Notice," Plaintiff requested the Court to contact the Postal Inspector to come to the prison to "arrest" Plaintiff's registered mail, to contact the "Universal Postal Union of Bern Switzerland which has original

---

[1] Section 7431 creates a private cause of action for damages against the United States if an "officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of [26 U.S.C.] section 6103[.]" 26 U.S.C. §7431(a)(1). Notable in Plaintiff's case is that § 6103(k)(10) allows for disclosures of tax return information of incarcerated individuals to certain prison officials under circumstances outlined in the statute.

jurisdiction of Registered Mail and make them aware of the crimes," or to assign a case number to allow discovery to begin (Doc. 1, p. 2).

Plaintiff's "Notice in Equity" was accompanied by a cover letter asking the Court to "issue a case file number for the captioned litigation until the suit arrives at the court" (Doc. 1-1). He also included a copy of his "Administrative Remedy–Informal Resolution" which he had submitted on May 4, 2015, to complain about the prison staff's refusal to deliver his registered mail packages (Doc. 1, p. 4).

On May 12, 2015, this Court ordered Plaintiff either to file a complaint to properly initiate the action, or to file a notice of voluntary dismissal, if he did not intend to initiate a civil action, no later than June 16, 2015 (Doc. 2). If he chose not to voluntarily dismiss the case, Plaintiff was further ordered to either pay the $400.00 filing fee for the action or submit a motion for leave to proceed *in forma pauperis* (IFP), also by June 16, 2015. The Clerk sent Plaintiff the appropriate forms.

Plaintiff did not file a complaint, nor did he pay the filing fee or submit a motion for leave to proceed IFP. Instead, on May 26, 2015, he filed a copy of the first page of a four-page affidavit relating to his complaint under 26 U.S.C. § 7431, and the first page of an 18-page petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 (Doc. 3).

Several days later, on June 4, 2015, the Court received and filed Plaintiff's "Second Notice in Equity as Affidavit" (Doc. 4) in response to the Court's order of May 12, 2015. This document also does not suffice as a complaint. In it, Plaintiff claimed that it was impossible for him to comply with the order to file a complaint, because prison employees had confiscated it on May 8, 2015. Nonetheless, he said that "shortly thereafter" he mailed the same civil complaint and § 2241 petition to an attorney (Doc. 4, p. 2). Prison employees also confiscated his filing fee,

which had been enclosed in the same "stolen" mail package. Therefore, he did not complete or return the motion for leave to proceed IFP. He demanded "equitable tolling" in this action until some authority could take his complaint from the prison employees who had "stolen" it and deliver it to the Court. Alternatively, he requested this Court to issue an order for Marion officials to allow him to send his complaint as legal mail to the Court (Doc. 4, pp. 1-2). He specifically noted that he did not wish to convert this action to a civil suit brought under Title 42 (as provided on the Court's standard civil rights complaint form under 42 U.S.C. § 1983) (Doc. 4, p. 2).

Plaintiff further claimed that as of June 1, 2015, he would have no access at all to outgoing or incoming mail, and he would not be able to contact the Court again. He attached copies of several letters dated May 26, 2015, to the Federal Bureau of Prisons, the Internal Revenue Service, the Treasury Inspector General, and the Department of Justice, asking the agencies to investigate the alleged illegal interference with his mail or initiate a criminal prosecution of the responsible staff members of Marion's Communication Management Unit, where he is housed (Doc. 4, pp. 3-5).

The Court has received no further pleadings or other filings from Plaintiff. Plaintiff has failed to comply with this Court's order to file a complaint, and he has not sought to voluntarily dismiss this matter. He likewise has not complied with the order to pay the filing fee or, alternatively, to seek leave to pay the filing fee in installments under the IFP provisions.

His "Notices in Equity" state that he wishes to file an action under 26 U.S.C. § 7431 against the Postmaster General, but has been prevented by Marion prison officials from submitting his complaint. If this is true, then Plaintiff would have an argument that the statute of limitations governing the filing of that suit should be equitably tolled, if the suit were filed

outside the applicable time limit. If necessary, he must make that argument at such time as he is able to file his complaint. In the absence of a complaint, however, this Court cannot evaluate the merits of Plaintiff's claims or their timeliness and can take no further steps to advance his potential suit.

The remedy Plaintiff seeks in his "Notices in Equity" is for this Court to intervene (or direct another agency to intervene) in the operation of Marion's Communications Management Unit (CMU), in order to force prison officials to release Plaintiff's mail. No such action shall be taken based on the information now before the Court. The Court is mindful of the heightened restrictions on outgoing communications from inmates in Marion's CMU. Regardless of the unit where an inmate is confined, a federal court must exercise equitable restraint when asked to take over the administration of a prison. This is something that is best left to correctional officials and their staff. *See Sandin v. Conner*, 515 U.S. 472, 482-83 (1995).

Additionally, before the Court may even consider granting any injunctive relief such as Plaintiff requests, a complaint must be filed against the person or persons directly responsible for the alleged unconstitutional action, accompanied by an appropriate motion for injunctive relief. Furthermore, a preliminary requirement to filing an action against a prison official is for the prisoner to exhaust his available administrative remedies through the prison grievance procedure. 28 U.S.C. § 1997e(a). It is apparent from the initial grievance request attached to Plaintiff's "Notice in Equity" (Doc. 1, p. 4) that he had only just initiated that grievance process with regard to the registered mail package when he filed his documents with the Court. It is obvious that he could not have exhausted his remedies before this case was opened, as they relate to the allegedly improper actions of the Marion mail employees.

Because Plaintiff has failed to comply with an order of the Court, this action is

**DISMISSED**. *See* FED. R. CIV. P. 41(b). Ordinarily, a dismissal for failure to comply with a Court order is a dismissal with prejudice. *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for disobeying a court order is presumptively with prejudice). In this case, however, because Plaintiff has asserted that he was prevented by prison officials from filing his complaint, the dismissal shall be without prejudice. In the event Plaintiff is able in the future to submit a proper complaint, he may move for relief from the judgment. Nothing in this order should be construed as a comment on the potential merits of Plaintiff's contemplated action or on the disposition of a motion for relief from judgment.

This dismissal shall not count as one of Plaintiff's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

The dismissal does not relieve Plaintiff of the obligation to pay the filing fee for this action, therefore, the $400.00[2] filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Accordingly, the agency having custody of the Plaintiff is **DIRECTED** to remit the $400.00 filing fee from his prison trust fund account if such funds are available. If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the $400.00 filing fee is paid in full. The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund account to the Clerk of this Court each time the Plaintiff's account

---

[2] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judical Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and is assessed only $350.00.

exceeds $10.00, until the $400.00 fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.

The Clerk is **DIRECTED** to mail a copy of this order to the Trust Fund Officer at USP-Marion upon entry of this Order.

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal the dismissal of this case, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED:  August 4, 2016**

*[signature]*

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**